# United States District Court
## District of South Carolina

| | | |
|---|---|---|
| Maurice Wyman Scott, Sr., (*aka Maurice Scott,*); | ) | C/A No. 3:06-0340-MBS-JRM |
| | ) | |
| Petitioner; | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| South Carolina Department of Probation, Parole, and Pardon Services (SCDPPPS); and the State of South Carolina; | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |

The Petitioner, Maurice Scott (hereafter, the "Petitioner"), apparently seeks relief pursuant to Title 28 United States Code section(s) 2241 and/or 2254. Under 28 U.S.C. §636(b)(1)(b), and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review all pretrial matters in such prisoner cases and submit findings and recommendations to the District Court.

### *PRO SE* PETITION

Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S.97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Even under this less stringent standard, however, a *pro se* petition is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). A court may not construct a

1

petitioner's legal arguments for him or her.  Small v. Endicott, 998 F.2d 411 (7th Cir. 1993).

Nor should a court "conjure up questions never squarely presented."  Beaudett v. City of

Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

A careful review has been made of the *pro se* petition pursuant to this standard and the

procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty

Act of 1996.  The review has been conducted in light of the following precedents: Denton v.

Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325 (1989); Nasim v.

Warden Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v.

Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

## PROCEDURAL HISTORY

Petitioner commenced this action on February 2, 2006.  Although written on a standard

complaint form used in this District by *pro se* litigants under 42 U.S.C. § 1983, Petitioner's

allegations suggested that he was seeking *habeas corpus* relief:

> On or about December 8, 2003, the Jurors of Orangeburg County did indict the Plaintiff on the charge of Breech [sic] of Trust.  The Plaintiff not knowing his rights against double jeopardy, in that the plaintiff having plead guilty in December 2003, in the County of Organgeburg  [sic] for the same crime, and upon such the same offense, and time line.  On or about April 2004, a bench trial was conducted and upon such the plaintiff plead guilty not knowing his constitutional rights against double jeopardy.  The plaintiff was given probation and in alternate of completion of 100 (one hundred hours) of community service, he would thereby be released from probation.
> The plaintiff completed the one hundred and four hours of community service on or about October 20, 2004, at the Harvest Hope Food Bank, Columbia, South Carolina.  The supervisor during that week, identified as Mitch, verified the completion of on [sic] full week of service totally 37.5 hours which completed the requirements of community service.  On or about the last week of October 2004, the Probation Officer , Kelly Gales, was informed.  The plaintiff was not released from probation.  On or about April 2005 a meeting was held, as required by Agency Gales at which time, he informed the Plaintiff upon request, that per both requests to the community service coordinator, for verification of hours served, that the document could not be located, and upon such no record was available, but according to inputted computer information, it stated that I owed three hours.

> I disputed that record, but no such record could be produced.
> I am informed and believe that upon completing my sentence of community
> service or or [sic] about 2004, that my constitutional rights as a citizen have been
> violated.

[Docket Entry #1, p. 3.]  Plaintiff sought "immediate release from supervision" and "punitive or

compensatory damages." [Docket Entry #1, p. 5.]

From the original petition it could not be determined whether the Petitioner sought

*habeas corpus* relief from a conviction in the Court of General Sessions under 28 U.S.C. § 2254

or other relief from custody under 28 U.S.C. § 2241.  The petition contained the narrative recited

above together several randomly selected passages from the United States Constitution.  The

relevance of these passages was by no means apparent.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.), a plaintiff is

required to provide "a short and plain statement of the claim showing that the pleader is entitled

to relief."  A plaintiff  must at least present the court with complete declarative sentences in

order for the court to ascertain his right to relief, if  any.  Brown v. Zavaras, 63 F.3d 967 (10th

Cir. 1995).  See also Adams v. Rice, 40 F.3d 72 (4th Cir. 1994) (affirming district court's

dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its

face); White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (same, where plaintiff's complaint

"failed to contain any factual allegations tending to support his bare assertion").

On February 10, 2006, the undersigned filed an order directing Petitioner to answer

Special Interrogatories by providing information about the specific convictions which he

attacked and the status of those cases.  Petitioner was directed to indicate whether he was

proceeding under § 2241 or § 2254 by completing a standard petition form.  He was allowed

twenty days, plus three days for mail time, to comply with the order.  No response was received

by the deadline.  On March 20, 2006, the undersigned filed a Report recommending dismissal of the petition under Rule 41(b) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.)

On March 24, 2006, Petitioner belatedly filed responses to the Special Interrogatories together with objections to the Report. [Docket Entries #8 and #9.]  On April 6, 2006, the Honorable Margaret B. Seymour, United States District Judge for the District of South Carolina, returned this action to the undersigned for a review of Petitioner's new filings. [Docket Entry #10.]

## DISCUSSION

It appears from Petitioner's responses to interrogatories that his conviction for "Breach of Trust" in the Orangeburg Municipal Court on December 10, 2003, resulted in a sentence consisting of a fine and payment of restitution.  According to Petitioner, this sentence expired immediately. [Docket Entry #8, p. 3.]  It appears, therefore, that the present petition does not attack the judgment of the Orangeburg Municipal Court.  It should be noted that Petitioner neither appealed from that judgment nor sought any Post-Conviction Relief (PCR) from it.

Based upon the foregoing, the petition is construed as a collateral attack upon a conviction entered by the Orangeburg County Court of General Sessions in State v. Scott, 2003-GS-38-2396.  In his answers to interrogatories, Petitioner does not specifically indicate the nature of the crime in the General Sessions proceeding.  Since his initial pleading mentions "Breech [sic] of Trust," it is assumed that this was the charge.  [Docket Entry #1, p. 3]  The indictment or the judgment cited South Carolina Code Annotated § 16-1-57 which prescribes Felony E punishment for a third offense of "certain property crimes" depending upon the value of the property.  Petitioner states that he was not represented by an attorney.  On April 4, 2004,

he entered a guilty plea to the charge and was sentenced to four years imprisonment, suspended to one hundred (100) community service. (Docket Entry #8, p. 4.) Petitioner did not appeal from the conviction.

This information permits this Court to understand that Petitioner was convicted in April 2004, that he was sentenced to perform community service and that he claims to have completed his sentence. The finality of his conviction, however, is thrown into doubt by his report that he filed a PCR application in June 2004 regarding which he has "not heard as of this date." [Docket Entry #8, p. 5.] Matters are further confused by Petitioner's statement that a warrant was issued by the SCDPPPS "for failure to report." [Docket Entry #8, p. 6.] In other words, Petitioner is simultaneously engaged in a state court collateral attack upon his conviction and a state court proceeding in which the validity of continued SCDPPPS supervision may be at issue. The first proceeding precludes a § 2254 petition at this time for failure to exhaust available state court remedies. See 28 U.S.C. § 2254(b); Picard v Connor, 404 U.S. 270 (1971); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973). The second proceeding precludes a § 2241 petition for the same reason.

The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991). In Mallory v. Smith, 27 F. 3d 992, 994 (4th Cir. 1994), the United States Court of Appeals for the Fourth Circuit declared that the habeas petitioner must "make more than a perfunctory jaunt through the state court system." A petitioner is required to present fully and squarely to the state courts the same issues upon which he would rely in this Court.

5

In <u>Matthews v. Evatt</u>, 105 F3d. 907 (4<sup>th</sup>Cir. 1997), the Fourth Circuit once again reviewed the authorities on the exhaustion requirement (including <u>Mallory</u>) and declared that "[t]o satisfy the exhaustion requirement, a habeas petitioner must fairly present his  claim to the state's highest court. The burden of proving that a claim has been exhausted lies with  the petitioner." 105 F 3d at 910-911 (citations omitted).  Petitioner has clearly not received a final determination on the validity of his conviction or continued SCDPPPS supervision by the highest court in the State of South Carolina.   Accordingly, federal *habeas corpus* relief is not available to Petitioner at this time.

## **RECOMMENDATION**

Accordingly, it is recommended that the above-captioned case be dismissed without prejudice and without requiring the respondents to file a return.  See <u>Allen v. Perini</u>, 424 F.2d 134, 141 (6th Cir. 1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). Petitioner's attention is directed to the notice on the next page.

Respectfully Submitted,


s/Joseph R. McCrorey
United States Magistrate Judge

May 5, 2006
Columbia, South Carolina

6

**<u>Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"</u>**
**<u>&</u>**
**<u>The Serious Consequences of a Failure to Do So</u>**

The petitioner is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. <u>Advance Coating Technology, Inc. v. LEP Chemical, Ltd.</u>, 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* <u>Mathews v. Weber</u>, 423 U.S. 261, 270-271 (1976); and <u>Estrada v. Witkowski</u>, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, <u>but</u> <u>not</u> <u>thereafter</u>, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* <u>Keeler v. Pea</u>, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and <u>Oliverson v. West Valley City</u>, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* <u>United States v. Schronce</u>, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, <u>Schronce v. United States</u>, 467 U.S. 1208 (1984); and <u>Wright v. Collins</u>, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. <u>Howard v. Secretary of HHS</u>, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* <u>Praylow v. Martin</u>, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In <u>Howard</u>, <u>supra</u>, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. \* \* \* This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. \* \* \* We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* <u>Lockert v. Faulkner</u>, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. \* \* \* A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* <u>Branch v. Martin</u>, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and <u>Goney v. Clark</u>, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the petitioner of the consequences of a failure to file specific, written objections.** *See* <u>Wright v. Collins</u>, <u>supra</u>; and <u>Small v. Secretary of HHS</u>, 892 F.2d 15, 16, 1990 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**
